IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KRISTINA MARTIN,<br><br>             Plaintiff,<br>   v.<br><br>PUBLIC LIBRARY OF SCIENCE,<br><br>             Defendant. | Civil Case No. 8:23-cv-01475-PJM |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Public Library of Science ("PLOS"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby answers the Complaint ("Complaint") filed by Plaintiff Kristina Martin ("Ms. Martin").  PLOS generally denies all liability on all claims and all counts. Each paragraph below responds to the numbered Paragraphs in Plaintiff's Complaint.  Any allegation not explicitly admitted below is hereby denied.

## PRELIMINARY STATEMENT

1. Defendant admits that the Complaint contains claims against Defendant alleging disability discrimination and retaliation in violation of Montgomery County Human Relations Act ("MCHRA"), Montgomery Cty., Md., Code § 27-1, *et* seq.  Defendant denies Plaintiff's allegations that it violated Montgomery County law or any other law or discriminated against Plaintiff in any way.

2. Defendant admits Plaintiff was hired as its Chief People Officer.

3. Defendant admits that Plaintiff requested and received leave and accommodations. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 3.

4. Defendant admits that Alison Mudditt is the Chief Executive Officer of PLOS. Defendant denies the remaining allegations of Paragraph 4.

5. Defendant admits that Plaintiff emailed Mudditt on September 8, 2022. The email speaks for itself. Defendant denies the remaining allegations of Paragraph 5.

6. Defendant admits informing Plaintiff her employment was terminated. Defendant denies the remaining allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

## JURISDICTION

8. The allegations in Paragraph 8 present conclusions of law to which no response is required.

## VENUE

9. The allegations in Paragraph 9 present conclusions of law to which no response is required.

## ADMINISTRATIVE EXHAUSTION

10. The allegations in Paragraph 10 present conclusions of law to which no response is required.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 11. Defendant did not receive notice from the Montgomery County Office of Human Rights of a formal complaint of discrimination.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 12.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 13.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 14.

## TIMELINESS

15. The allegations in Paragraph 15 present conclusions of law to which no response is required.

## PLAINTIFF

16. Defendant admits Plaintiff was hired as a human resource professional. Defendant denies any remaining allegations of Paragraph 16.

17. Defendant admits Plaintiff was employed in Montgomery County, MD. The remaining allegations in Paragraph 17 present conclusions of law to which no response is required.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint.

## RESPONDENT

19. Defendant denies the allegations of Paragraph 19 and avers that PLOS is a nonprofit, Open Access publisher empowering researchers to accelerate progress in science and medicine by leading a transformation in research communication.

20. Defendant admits the allegations of Paragraph 20.

21. Defendant admits employing at least one individual in Montgomery County, MD during certain periods of time. The remaining allegations in Paragraph 21 present conclusions of law to which no response is required.

## FACTS

22. Defendant admits Plaintiff was hired as its Chief People Officer with an annual salary of $245,000 in January 2022.

23. Defendant admits Plaintiff received four raises during her employment which culminated in a gross salary of $279,739.76.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant admits that Plaintiff did not request any accommodation. In all other respects, Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant admits providing Plaintiff a review with a rating of "succeeds" and a three percent raise in January 2021.

28. Defendant admits providing Plaintiff an out-of-cycle market adjustment raise in August 2021.

29. Defendant admits providing Plaintiff a mixed review with a rating of "succeeds" and a raise in January 2022.

30. Defendant admits Plaintiff requested an accommodation including a reduction in her work schedule to four days per workweek in January 2022. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30.

31. Defendant admits Mudditt was supportive. Defendant denies the remaining allegations of Paragraph 31.

32. Defendant admits Mudditt wrote an email to Plaintiff on May 4, 2022, and states that the email speaks for itself.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant admits on June 27, 2022, Plaintiff, Mudditt, and Kate Motonaga attended an executive team lunch where they had a discussion on recruiting. Defendant denies the remaining allegations in Paragraph 34.

35. Defendant admits Plaintiff sent an email to Mudditt on July 12, 2022, and states that the email speaks for itself.

36. Defendant admits Plaintiff returned to work following FMLA leave on or about August 2, 2022. Defendant admits Plaintiff informed Defendant of a need for additional accommodations.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant admits Plaintiff emailed Mudditt on August 25, 2022, and states that the email speaks for itself. Defendant denies any remaining allegations of Paragraph 41.

42. Defendant admits Plaintiff sent an email to Mudditt on August 31, 2022, and states that the email speaks for itself. Defendant denies any remaining allegations of Paragraph 42.

43. Defendant admits Mudditt sent an email to Plaintiff on August 31, 2022, and states that the email speaks for itself. Defendant denies the remaining allegations of Paragraph 43.

44. Defendant admits Mudditt emailed the mid-year review to Plaintiff on August 31, 2022 and denies any remaining allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 46.

47. Defendant admits that Plaintiff emailed Mudditt on September 1, 2022, and states that the email speaks for itself. Defendant denies any remaining allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant admits Mudditt sent an email to Plaintiff on September 8, 2022, and states that the email speaks for itself. Defendant denies the remaining allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant lacks the knowledge or information to admit or deny the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant admits that Nina Williams met with the Plaintiff following a joint meeting on November 29th, 2022.

56. Defendant admits Mudditt and Plaintiff met on December 9, 2022. Defendant denies the remaining allegations of Paragraph 56.

57. Defendant admits that on January 6, 2023, Mudditt informed Plaintiff that her employment with PLOS would be terminated. Defendant denies the remaining allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant admits Mudditt sent an email to Plaintiff, and states that the email speaks for itself. Defendant denies the remaining allegations of Paragraph 59

60. Defendant denies the allegations of Paragraph 60.

## COUNT I
*Disability Discrimination*
**Montgomery County Human Relations Act (MCHRA)**
**Montgomery Cty., Md. Code § 27-19(a); Md. Code, State Gov't § 20-1202(c)(1)**

61. The allegations in Paragraph 61 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 61 of the Complaint.

62. The allegations in Paragraph 62 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 62 of the Complaint.

63. The allegations in Paragraph 63 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 63 of the Complaint.

64. The allegations in Paragraph 64 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant lacks the knowledge or information to admit or deny the allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant denies the allegations of Paragraph 67.

68. Defendant denies the allegations of Paragraph 68.

69. Defendant denies the allegations of Paragraph 69.

## CHARGE II
### Retaliation
### Montgomery County Human Relations Act (MCHRA)
### Montgomery Cty., Md., Code § 27-19(c)(1)

70. The allegations in Paragraph 70 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 70 of the Complaint.

71. The allegations in Paragraph 71 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72.

73. Defendant denies the allegations of Paragraph 73.

74. Defendant denies the allegations of Paragraph 74.

75. Defendant denies the allegations of Paragraph 75.

## RESPONSE TO REQUEST FOR RELIEF

The unnumbered **WHEREFORE** Paragraph following Paragraph 75 of the Complaint contains no factual allegations to admit or deny. To the extent that this Paragraph contains factual allegations, however, Defendant denies the allegations.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, or to any other relief.

## RESPONSE TO REQUEST FOR JURY DEMAND

Defendant denies that Plaintiff is entitled to any relief or to a trial by jury with respect to any claim or matter for which a jury trial is not permissible.

## DEFENSES[1]

1. The Complaint fails to state a claim upon which relief can be granted. All actions taken with respect to Plaintiff were based on and because of legitimate, non-discriminatory and non-retaliatory reasons unrelated to Plaintiff's alleged disability and/or alleged protected activity. Plaintiff was not discriminated or retaliated against in any respect because of any alleged disability or protected activity. There was no causal connection between Plaintiff's termination and/or any other action taken with respect to Plaintiff and her alleged disability and/or any alleged protected activities. Defendant legitimately and reasonably determined that Plaintiff's performance was unacceptable.

2. The Complaint fails to state a claim upon which relief can be granted. Plaintiff was treated no differently than other similarly situated individuals. Defendant has not treated any similarly situated individual more favorably than it has treated Plaintiff, and Plaintiff will be unable to identify any such individual to support her claims.

3. Plaintiff's claim and the relief sought are barred, in whole or in part, because Defendant at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff.

4. The Complaint fails to state a claim upon which relief can be granted. The conduct alleged in the Complaint is contrary to Defendant's good faith efforts to comply with the law, including the ADA and state/County law.

5. Plaintiff was not a qualified individual with a disability within the meaning of the ADA and state/County law.

---

[1] By pleading the Defenses herein, PLOS does not concede that each of the matters covered by the numbered defenses is to be proven by PLOS, and PLOS reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish any alleged damages.

6. Plaintiff was not able to perform the essential functions of her job with or without a reasonable accommodation.

7. Defendant never denied Plaintiff any reasonable accommodation.

8. Plaintiff's claims for damages are barred to the extent Plaintiff failed to mitigate her damages.

9. The claims asserted in the Complaint and the requests for relief are barred, in whole or in part, because Plaintiff did not suffer any damages caused by or attributable to any wrongful conduct by Defendant.

10. To the extent that Plaintiff is claiming punitive damages, Plaintiff is not entitled to recover any punitive damages against Defendant because, *inter alia*, Defendant did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

11. Defendant will rely on each and every additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise.

12. Defendant denies that Plaintiff is entitled to any of the relief prayed for.

13. Defendant denies any allegation not specifically admitted herein.

14. Defendant reserves the right to amend this Answer to supplement or assert different or additional defenses or to otherwise amend any of its denials, averments or defenses.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's claim with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this lawsuit, and allow Defendant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 22, 2023                   /s/
                            _____
                            Larry R. Seegull (Bar No. 22991)
                            Lindsay Swinson (Bar No. 30558)
                            JACKSON LEWIS P.C.
                            2800 Quarry Lake Drive, Suite 200
                            Baltimore, MD  21209
                            (410) 415-2004 – Telephone
                            (410) 415-2001 – Facsimile
                            Larry.Seegull@jacksonlewis.com
                            Lindsay.Swinson@jacksonlewis.com

                            *Counsel for Defendant*
                            *Public Library of Science*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2023, a copy of the foregoing Defendant's Answer to Plaintiff's Complaint was filed through the ECF system and will be sent electronically to:

>Joseph W. Gibson
>Employment Law Center of Maryland
>5 Hillcrest Dr. Ste B203
>Fredrick, MD 21703
>jgibson@elcmd.org
>
>*Counsel for Plaintiff*

/s/
Larry R. Seegull (Bar No. 22991)
Lindsay Swinson (Bar No. 30558)
Jackson Lewis P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2000 (phone)
410.415.2001 (facsimile)
Larry.Seegull@jacksonlewis.com
Lindsay.Swinson@jacksonlewis.com

*Counsel for Defendant*
*Public Library of Science*

4885-0941-4508, v. 1